**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

_____
                                                )
**KATHLEEN ALLEN,** *et. al.*,         )
                                                 )
      **Plaintiffs,**                        )
                                                 )
      v.                               )      **CIVIL NO. 3:06CV822**
                                                 )
**FRIENDLY ICE CREAM CORPORATION** )
*et al.*,                                               )
                                                 )
      **Defendants.**                      )
_____)

**MEMORANDUM OPINION**

This matter is before the Court by consent of the parties on the Defendant Friendly Ice Cream Corporation's Motion to Dismiss ("Def.'s Mot.") the claims of Plaintiffs Jocelyn Doherty and Jocelyn Doherty on behalf of minor son Kevin Pace (collectively "Doherty"), with prejudice, for failure to prosecute or comply with an Order of the Court pursuant to Federal Rule of Civil Procedure 41(b) (docket entry no. 16). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. For the reasons set forth herein, the Defendant's motion will be GRANTED.

**I. Facts Relative to the Instant Motion**

Because the Defendant's motion is limited to the issue of Doherty's default, only those facts necessary to resolve the instant motion will be recited. On January 18, 2007, the district court entered an Order setting a pretrial conference for March 1, 2007 at 10:00 a.m. (docket entry no. 8). On February 23, 2007, the Clerk mailed a letter of correspondence to Plaintiff

Jocelyn Doherty advising her that the initial pretrial conference had been rescheduled to occur on March 15, 2007 at 9:30 a.m. (Def.'s Mot., Ex. 1.) The Clerk's letter further advised Doherty that failure to attend the initial pretrial conference or otherwise notify the Court of her intentions to continue proceeding in the case would "result in you and your minor son being dismissed from this action with prejudice." (Id.)

Doherty did not appear at the March 15, 2007 initial pretrial conference, nor has she indicated any desire to pursue further action in this matter. Additionally, discovery correspondence forwarded to Doherty has been returned undelivered. (Def.'s Mot. at 2.) Doherty has not informed the Court of any change to her address, and she has not signed any pleadings relevant to this case since the matter was initially filed in state court in December of 2005.[1] (See Def.'s Notice of Removal, Ex. 1) (Motion for Judgment signed by Doherty on December 14, 2005, along with the other named Plaintiffs) (docket entry no. 1.) The remaining Plaintiffs are likewise uncertain as to Doherty's current whereabouts.

## II. Analysis

Rule 41(b) allows a court to dismiss a claim for failure of a plaintiff to prosecute a claim or for the plaintiff's failure to comply with court orders regarding the litigation. The test for dismissal pursuant to Rule 41(b) requires the court to consider: (1) the degree of the plaintiff's personal responsibility for the failures; (2) the amount of prejudice caused to the defendant; (3) the existence of a history of the plaintiff deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). And,

---

[1] The matter was removed to this Court pursuant to 28 U.S.C. § 1441(b) on the basis that several of the Plaintiffs' claims arise under federal law.

before dismissal, a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders. See Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 472 (4th Cir. 1993). The Fourth Circuit has likewise reminded the courts that dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations, or has exhibited bad faith. See id.

As Plaintiff Doherty is proceeding *pro se* in this matter, her actions are, of course, entitled to some deference. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, a *pro se* litigant is not completely insulated from the imposition of sanctions simply because he or she lacks counsel. See, e.g., Ballard, 882 F.2d at 95 (dismissal appropriate where *pro se* litigant was explicitly warned about failure to comply with court order). Accordingly, this Court need not apply the four-prong Ballard test rigidly when the Plaintiff has ignored an express warning that failure to comply with an order will result in the dismissal of her claim. See id. at 95-96.

Applying the above standards to the facts of this case reveals that dismissal is appropriate. Doherty was given an explicit warning that failure to attend the initial pretrial conference would "result in [she] and [her] minor son being dismissed from this action with prejudice." Doherty never provided a reason to the Court that would excuse her failure to appear, and the Court is aware of no communication since the pretrial conference took place that would indicate Doherty's desire to continue pursuit of her claims against the Defendants. Although the other Plaintiffs in this matter have endorsed pleadings indicating a willingness to pursue further litigation (see, e.g., docket entry nos. 6 (Response to Defendant Friendly's Answer) and 7 (Motion to Remand)), and even retained counsel to represent their interests (docket entry no. 12), Doherty has signed not a single pleading relevant to this case since the

matter was removed to the Court. Furthermore, by failing to respond to Defendant Friendly Ice Cream's discovery requests, she is directly prejudicing that party's ability to conduct and put forth an adequate defense. The Court cannot countenance conduct that forces the Defendant to bear the costs for Doherty's misconduct. In view of the explicit warning given Doherty as well as the danger of undue hindrance to the Defendants, this Court has "little alternative to dismissal," for "[a]ny other course would [] place[] the credibility of the court in doubt and invite[] abuse." Ballard, 882 F.2d at 96 (Powell, Associate Justice retired, for the unanimous panel). The Court is mindful of Doherty's *pro se* status, but "[she] as well as other litigants are subject to the . . . respect for court orders without which effective judicial administration would be impossible." Id.; see also Kirby v. Richmond Redevelopment & Hous. Auth., Civil No. 3:04cv791, 2005 U.S. Dist. Lexis 43547, at *8 (E.D. Va. Sept. 13, 2005) (noting that "a litigant's *pro se* status will not excuse the failure to comply with a scheduling order or other procedural rules."), *adopted by*, 2005 U.S. Dist. LEXIS 43546 (E.D. Va. Sept. 28, 2005).

Case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "less drastic sanctions" requirement. See, e.g., Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir. 1985) (lesser sanctions include assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, *and explicit warnings*); Buss v. W. Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984) ("Counsel was warned by the court upon several occasions that further delay and refusal to cooperate would result in the case being dismissed."), *cert. denied*, 469 U.S. 1192 (1985); Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982) (listing "warning" as alternative sanction). The explicit warning issued to

Doherty advised her that failure to attend the initial pretrial conference would result in her dismissal as a party to this lawsuit; hence, her lack of attendance and lack of participation justifies dismissal. For all these reasons, the claims of Plaintiff Doherty and those on behalf of her minor son are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: 4/30/07